## ANDY JONES v. STATE.

No. A-8547. Dec. 8, 1933.

(27 Pac. [2d] 869.)

A. M. Beets and Allan Falkenstine (Wm. J. Zeman, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of the crime of assault and battery with a dangerous weapon, without intent to kill, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that defendant committed an unprovoked assault upon R. L. Fisher by cutting him with a knife; that both of these parties were negroes.  The undisputed evidence of the state, given by eyewitnesses, was that defendant was the aggressor and that the cause of the assault was an indebtedness of 60 cents which defendant was attempting to collect from Fisher.

Defendant, testifying for himself, claimed he acted in self-defense, but he is not corroborated by any of the eyewitnesses to the assault.

Several alleged errors are urged by defendant as grounds for reversal, but none of them have any substantial merit, except complaint is made that the court permitted too great latitude in the cross-examination of defendant, which tended to prejudice the jury against him.

For the purpose of this opinion it is not necessary to set out the questions and answers and the record made,

but it is sufficient to say that the county attorney asked some improper questions and the court did permit too wide a latitude in the cross-examination of defendant, but the error is not sufficient to require a reversal of the case.

If this was a close case or there was any doubt of the guilt of defendant or any probability that any honest jury under the evidence would return any other verdict except that of guilty, the case would have to be reversed. But since a new trial, at additional expense to the state, could only result in another verdict of guilty, we are of the opinion that justice will be served by reducing the punishment assessed to a term of one year's imprisonment in the state penitentiary, and, as modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.