## ANDY JONES v. STATE.

No. A-8546.  Dec. 22, 1933.
(28 Pac. [2d] 585.)

A. M. Beets, Allan Falkenstine, and William J. Zeman, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was charged by information with assault with intent to kill, was convicted and sentenced by the court to serve a term of five years in the state penitentiary at McAlester.

The testimony shows that the defendant was the step-father of the prosecuting witness, Lonzo Talley; that defendant and prosecuting witness, prior to the time of the trouble, had been angry at each other and defendant had threatened to kill the prosecuting witness.   The day the trouble came up the prosecuting witness was at the home of his brother Babe Talley; the defendant came to the house and called and asked Babe why he had not told him his mules had been in the field; Lucile Talley, the wife of Babe, holloed to him that Babe was not there. Immediately thereafter the prosecuting witness testified the defendant shot in through the window at him with a pistol; he jumped up and ran into the adjoining room and got a gun from under his brother's bed and went around the corner of the house, and at that time the defendant was a short distance from the house, and prosecuting witness shot at defendant, and defendant then turned and shot the prosecuting witness through the shoulder and he fell.

The defendant insists that he did not shoot at the prosecuting witness while he was in the house, but as he rode away some one came out of the house and fired at him, and the bullet struck him in the back of the head, glancing around the scalp; that he turned and fired at some one he saw at the corner of the house, claiming he

did not shoot at the prosecuting witness until after the witness had shot at him and struck him in the head.

This is a family difficulty, and the record shows that, after it was discovered that Lonzo Talley was going to get well, and that the defendant was not seriously hurt, they began to try to bring about a settlement of the case. While Lonzo was recovering from his wound Lucile Talley told the county attorney that the defendant shot in the house before Lonzo did anything, but on the trial she changed her testimony and said she was not telling the truth when she talked to the county attorney, and in the trial stated the defendant did not shoot at Lonzo until after Lonzo shot the defendant.

The proof further shows that the wife of the defendant, who was the mother of Lonzo, and the mother-in-law of Lucile, had begged Lonzo not to appear against the defendant, and that in the trial of the case Lonzo could not be found and the state had to rely upon his testimony taken in the preliminary trial.

There is a direct conflict in the testimony of the prosecuting witness and the defendant. No complaint is made by the defendant that the court did not properly instruct the jury as to the law applicable to the facts in the case. The defendant in his brief argues three of his assignments, as follows:

"The trial court erred in overruling defendant's demurrer to the state's evidence.

"The verdict is contrary to the law and to the evidence.

"The court erred in overruling defendant's motion for a new trial."

These assignments were argued together. After a careful consideration of the record, we find they are without merit. The testimony in this case is such that, if the jury believed the testimony of the prosecuting witness, the defendant was guilty of an assault with intent to kill; if the defense of the defendant—that defendant was defending himself after the prosecuting witness had shot at the defendant—the defendant should have been acquitted. All of these questions were submitted to the jury and the jury decided against the defendant. We do not deem it necessary to comment further upon the facts in this case or to cite at length the authorities in support of the holding of this court. Suffice it to say that the testimony in this case is sufficient to sustain a conviction.

Considering the facts, as disclosed by the record in this case, and the circumstances surrounding the difficulty, and in view of the fact that it is a famly row, we hold that the punishment of five years is excessive, and should be modified to one year, and, as modified, the judgment is affirmed. The sentence as modified is not to run concurrent with the sentence in Jones v. State, 55 Okla. Cr. 190, 27 Pac. (2d) 869.

EDWARDS, P. J., and CHAPPELL, J., concur.